UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRIAN HUNTER,

                              Plaintiff,                9:13-cv-725
                                                                            (GLS/ATB)

             v.

JAMES J. WILLIAMS et al.,

                              Defendants.
_____

APPEARANCES:                            OF COUNSEL:

**FOR THE PLAINTIFF:**
Brian Hunter
Pro Se
C#95414
CNY PC
P.O. Box 300
Marcy, NY 13403

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN     BRUCE J. BOIVIN
New York State Attorney General     Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Brian Hunter commenced this action against

defendants James J. Williams, assistant attorney general, Eric T. Schneiderman, Attorney General of the State of New York, and the Attorney General's Office, pursuant to 42 U.S.C. § 1983, alleging due process violations in conjunction with his involuntary commitment to a secure treatment facility as a sex offender, pursuant to the New York Mental Hygiene Law (MHL).  (Compl. ¶¶ 1, 6, Dkt. No. 1.)   Hunter seeks money damages in the amount of $5.5 million.  (*Id.* ¶ 8.)

Upon initial review of Hunter's complaint and *in forma pauperis* application pursuant to 28 U.S.C. § 1915, the court dismissed with prejudice Hunter's claims against the Attorney General's Office.  (Dkt. No. 4 at 4-6.)  Williams and Schneiderman have filed a pre-answer motion to dismiss the complaint for failure to state a claim.  (Dkt. No. 18.)

In a Report-Recommendation (R&R) dated May 8, 2014, Magistrate Judge Andrew T. Baxter recommended that the motion to dismiss be granted and Hunter's complaint be dismissed.  (Dkt. No. 25.)  Hunter has filed objections to the R&R.  (Dkt. No. 26.)  For the reasons that follow, the R&R is adopted and Hunter's complaint is dismissed.

## II. Background[1]

On July 15, 1989, Hunter was arrested, subsequently convicted, and ultimately sentenced to a period of incarceration of ten to twenty years, with a "maximum [release] date of July 10, 2009." (Compl. ¶ 6(A)(1).) However, on that date, instead of being released, Hunter was further held "in Oneida County," due to a petition filed by an assistant attorney general. (*Id.*) Hunter currently resides at the Central New York Psychiatric Center. (*Id.* ¶ 2.) Without further providing any factual background about this detention, Hunter alleges that holding him beyond his scheduled release date infringed on his Fifth and Fourteenth Amendment due process rights, because it was in violation of preliminary injunctions issued by federal courts regarding the enforcement of MHL § 10.06(k). (*Id.* ¶ 6(A)(2).)

## III. Standard of Review

Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge. If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and

---

[1] The facts are drawn from Hunter's complaint and presented in the light most favorable to him.

3

recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *4-5.

## IV. **Discussion**

In the R&R, Judge Baxter recommended that Hunter's complaint be dismissed, with prejudice, on various grounds. First, he recommended that any § 1983 claims against Williams and Schneiderman be dismissed for absolute prosecutorial immunity and lack of personal involvement. (Dkt. No. 25 at 14-17.) He also indicated that, even if there was a named defendant who Hunter could add, any claims brought pursuant to § 1983 stemming from an improper application of MHL § 10.06(k) to Hunter would have accrued in 2009, making Hunter's action untimely under the applicable three-year statute of limitations. (*Id.* at 21-23.) With respect to the merits of Hunter's due process causes of action, Judge Baxter recommended that they be dismissed for failure to state a

4

claim—specifically because, contrary to Hunter's assertions, the statute at issue was not "improperly" applied to detain him. (*Id.* at 17-18.) Finally, Judge Baxter recommended that Hunter be denied leave to amend his pleading, as even a liberal reading of Hunter's complaint fails to state a due process claim, and because there are no defendants Hunter could add who would be subject to suit for damages under § 1983. (*Id.* at 19-21.)

Hunter's objections all either repeat arguments he made in response to defendants' motion to dismiss, or fail to address any specific portions of Judge Baxter's R&R, and they are therefore construed as general objections meriting only clear error review. (Dkt. No. 26); *see Almonte*, 2006 WL 149049, at *4-5. For example, Hunter argues, presumably in response to the court's previous denial of his request, (Dkt. Nos. 15, 20), that he should have been assigned counsel to represent him in this matter. (Dkt. No. 26 at 1, 3.) He also appears to argue that defendants here should "not [be] shielded by qualified immunity" because they "knowingly acted outside of the law." (*Id.* at 1-2.) However, Judge Baxter did not even discuss qualified immunity in his R&R; rather, he recommended that Hunter's claims against defendants be dismissed for absolute prosecutorial immunity. (Dkt. No. 25 at 14-17.)

5

Lastly, Hunter objects to the findings made by psychologist Dr. Katrina Colistra in her evaluation of whether Hunter was a sex offender requiring civil management, (Dkt. No. 18, Attach. 1 at 12, 21-40), asserting that her report constitutes inadmissible hearsay evidence. (Dkt. No. 26 at 2.) However, Hunter does not provide any legal analysis on this point, nor does he object to any particular recommendation in the R&R with respect to this issue. (*Id.*) The bulk of his objections consist of his general argument, contained both in his complaint and in his response to defendants' motion to dismiss, that MHL § 10.06(k) was applied to him in order to detain him before trial, resulting in an infringement of his due process rights. (*Id.* at 2-7.) However, as Judge Baxter pointed out in the R&R, Hunter is mistaken with respect to the scope of the court decisions he cites that have ruled on the constitutionality of § 10.06(k), and also ignores the facts of his particular case. (Dkt. No. 25 at 18.) Because Hunter does not specifically object to any particular portion of Judge Baxter's recommendations, the court has reviewed the R&R for clear error and found none. Therefore, the R&R is adopted in its entirety, and for the reasons articulated by Judge Baxter, Hunter's complaint is dismissed with prejudice.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Andrew T. Baxter's May 8, 2014 Report-Recommendation (Dkt. No. 25) is **ADOPTED** in its entirety; and it is further

**ORDERED** that defendants' motion to dismiss (Dkt. No. 18) is **GRANTED**; and it is further

**ORDERED** that Hunter's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

September 5, 2014
Albany, New York

*Gary L. Sharpe*
Chief Judge
U.S. District Court